

CJ23 3795-
Dishman

## THE DISTRICT COURT IN AND FOR OKLAHOMA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| MEGAN ROBNETT and JAKE ROBNETT ) <br> on behalf of, A.H. a minor child, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> INDEPENDENT SCHOOL DISTRICT NO. 52 ) <br> OF OKLAHOMA COUNTY, OKLAHOMA, ) <br> a/k/a MID-DEL PUBLIC SCHOOLS, and ) <br> WESLEY MICHAEL STIGLETS, ) <br> ) <br> Defendants. ) | CJ - 2023 - 3795 <br><br> Case No. <br><br> Judge: <br><br> FILED IN DISTRICT COURT <br> OKLAHOMA COUNTY <br><br> JUL - 7 2023 <br><br> RICK WARREN <br> COURT CLERK <br> 126 _____ |

### PETITION

**COMES NOW** the Plaintiffs and for their causes of action against the Defendants, allege and state as follows:

### PARTIES

1. Plaintiffs are residents of Oklahoma County, State of Oklahoma, and were at the time of the incidents which gave rise to the claims for relief set forth herein.

2. On information and belief, Defendant Independent School District No. 52 Oklahoma County, Oklahoma, a/k/a Mid-Del Public Schools, has its principal place of business at 7217 S.E. 15th Street, Midwest City, OK 73110.

3. On information and belief, Defendant Wesley Michael Stiglets (hereinafter "Defendant Stiglets") is a resident of Oklahoma County.

### JURISDICTION AND VENUE

4. The acts complained of herein occurred in Oklahoma County.

5. Jurisdiction and venue are therefore proper in this Court.

1

Ex. 4

6. In compliance with the Oklahoma Governmental Tort Claims Act, on or around October 5, 2022, Plaintiff timely submitted a written notice of tort claim.

7. Defendant received this notice on October 11, 2022.

8. Defendant failed to respond to the notice and this claim was deemed denied by operation of law on or about January 9, 2023.

9. Plaintiff has timely filed this action within 180 days of the date the claim was deemed denied.

10. Plaintiff has complied with all requirements under the Governmental Tort Claims Act, 51 O.S. § 151, *et seq.*

## THE FACTS

11. On information and belief, Defendant Independent School District No. 52 Oklahoma County, Oklahoma, a/k/a Mid-Del Public Schools, operates Parkview Elementary School located at 5701 Mackleman Drive, Oklahoma City, OK. (hereinafter the "School").

12. Defendant Stiglets is an individual who, at all times relevant hereto, was employed by the School as the Principal.

13. The School serves students from grades Pre-Kindergarten through Fifth Grade.

14. At all relevant times, Defendant Stiglets held himself out as an employee, agent, representative, or servant of the School.

15. Between 2018 and 2021, A.H. attended first, second, and third grade at the School.

16. At least three times between 2018 and 2021, Defendant Stiglets groped and fondled A.H.'s buttocks over her clothes while hugging her and forcing her to stay in his grasp.

17. A.H. began demonstrating behavioral problems and declined academically and socially. A.H. did not disclose the incidents until December 2021.

18. On information and belief, Defendant Stiglets groped and fondled at least one other of A.H.'s classmates.

19. Oklahoma statute 10A O.S. §1-2-101(B)(1) requires all Defendants to report the child abuse to the Oklahoma Department of Human Services ("DHS"). This law provides that every person who has reason to believe that a child under the age of 18 is a victim of abuse must report the matter promptly to DHS.

## THE CLAIMS

### CLAIM I:
### NEGLIGENCE

20. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

21. The School owed Plaintiffs a duty of ordinary care to ensure Plaintiff A.H.'s safety and freedom from sexual assault, abuse, and molestation while interacting with their employees, representatives, and/or agents.

22. As an employee of the School, Defendant Stiglets owed Plaintiffs a duty of ordinary care to ensure Plaintiff A.H.'s safety and freedom from sexual assault, abuse, and molestation while interacting with A.H.

23. The School should have known the risk of sexual abuse with respect to children.

24. The School failed to implement reasonable safeguards to:

   a. Prevent acts of sexual assault, abuse, and molestation;

   b. Avoid placing Plaintiff A.H. and other children in positions where others would be in unsupervised contact and interaction with them.

25. The School breached their duty to take reasonable protective measures to protect A.H. and other minors from the risk of childhood sexual abuse and/or sexual assault by Defendant Stiglets, such as the failure to properly train or educate Plaintiffs and other individuals (including minors) about how to avoid such a risk.

26. The failure of the School to adequately train and supervise Defendant Stiglets breached the duty of ordinary care.

27. The School's failure to properly investigate, address, and remedy complaints regarding Defendant Stiglets' conduct was a breach of ordinary care.

28. Defendant Stiglets' conduct in sexually assaulting, abusing, and molesting Plaintiff A.H. in the course of his employment, agency, and/or representation of the School was a breach of the duty to use ordinary care.

29. As a direct and/or proximate result of Defendants' conduct, actions and/or inactions, Plaintiff A.H. suffered mental, emotional, and physical injury as more fully described below. Plaintiff A.H. suffered and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, and was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life.

## CLAIM II
## NEGLIGENCE *PER SE*

30. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

**A. FAILURE TO REPORT ABUSE**

31. Oklahoma statue 10A O.S. §1-2-101(B)(1) requires all Defendants to report suspected abuse of minors to the Oklahoma Department of Human Services ("DHS"). This law imposes the legal duty that every person who has reason to believe that a child under the age of 18 is a victim of abuse must report the matter promptly to DHS.

32. Defendant Mid-Del was aware of Defendant Stiglets' abuse certainly by December 2021, but likely before that date, and took no action to stop it and did not report it.

33. Plaintiff A.H. is within the class of persons intended to be protected by this statute, and the injuries they suffered were the type to be prevented by the same.

34. Defendants are therefore negligent per se to the Plaintiff who was within the class of persons intended to be protected by this statute.

**B. CHILD ABUSE**

35. Oklahoma law provides that no person should willfully or maliciously engage in child abuse. Child abuse is defined as the willful or malicious harm or threatened harm or failure to protect from harm or threatened harm to the health, safety or welfare of a child under the age of 18. *See*, 21 O.S. 843.5.

36. Defendant Stiglets' conduct directly harmed the health, safety and welfare of the minor Plaintiff in his care.

37. On information and belief, Defendant Mid-Del knew or should have known of reports of Defendant Stiglets' conduct but took no action to investigate or remove him from contact with minor children.

38. Plaintiff A.H. is within the class of persons intended to be protected by this statute, and the injuries she suffered were the type to be prevented by the same.

39. Plaintiff A.H. was harmed by Defendant Stiglets' conduct that was in violation of this statute and by the Defendant Mid-Del's failure to stop it.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

41. The School held itself out as a reputable school. Defendant Stiglets held himself out as a qualified elementary school principal.

42. Defendant Stiglets' sexual assault, abuse, molestation of children was extreme and outrageous. The acts done by Defendant Stiglets transcended all bounds of civilized society.

43. As a result of Defendant Stiglets' actions, the Plaintiffs suffered damages as more fully set forth below.

### DAMAGES FOR ALL CLAIMS

44. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

45. According to the United State Center for Disease Control (CDC), child abuse affects children immediately upon occurrence and into their future. These effects include: Improper brain development, impaired cognitive (learning ability) and socio-emotional (social and emotional) skills, lower language development, higher risk for heart, lung and liver diseases, obesity, cancer, high blood pressure, and high cholesterol, anxiety, and higher risks of smoking, alcoholism and drug abuse. Child abuse can also have a negative effect on the ability to establish and maintain healthy intimate relationships in adulthood.

46. Plaintiff A.H. has faced difficulties in school due to the abuse she experienced by the School and Defendant Stiglets' actions and inactions.

47. Plaintiff A.H. has received, and will receive in the future, treatment and hospitalization, including counseling and other supportive services.

48. The acts giving rise to this lawsuit directly caused Plaintiff A.H. to suffer a variety of injuries including shock, humiliation, emotional distress and related physical manifestations thereof, embarrassment, loss of self-esteem, disgrace, suicidal ideation, and loss of enjoyment of life.

49. As a result of Defendant Stiglets' actions, Plaintiffs suffered emotional harm so severe that it disrupted their lives.

50. As a result of the emotional harm from Defendant Stiglets' actions, Plaintiff A.H. suffered physical harm including headaches, stomach aches and other manifestations.

51. Plaintiff A.H.'s emotional distress has given rise to the need for counseling, both past and future, and hospitalization.

52. Plaintiffs requests damages against the Defendants for all damages allowed by applicable state and federal law, including attorney's fees and costs and any other relief within the Court's jurisdiction appropriate to the proof, whether or not demanded.

53. Pursuant to the general rules of pleading, 12 O.S. § 2008, Plaintiffs assert that the amount sough as damages for claims set forth herein is in excess of seventy-five thousand dollars ($75,000).

Ex. 4

**WHEREFORE**, the Plaintiffs request that judgment be rendered against all Defendants in Plaintiffs' favor, along with costs, interest and any other relief this Court deems just and proper.

Respectfully submitted,

**KOLLER TRIAL LAW, PLLC**

*/s/ Ashley Leavitt*
A. Laurie Koller, OBA #16857
Ashley H. Leavitt, OBA #32818
2504 E. 21st Street, Suite B
Tulsa, OK 74114
laurie@kollertriallaw.com
ashley@kollertriallaw.com
(918) 216-9596
(918) 248-8238 Fax

Ex. 4