
**THE DISTRICT COURT IN AND FOR OKLAHOMA COUNTY IN DISTRICT COURT**
**STATE OF OKLAHOMA**  OKLAHOMA COUNTY

DEC - 7 2023

Megan and Jake Robnett, individually, and )  RICK WARREN
on behalf of A.H., a minor child, ) COURT CLERK
) 125_____
Plaintiff, )
)Case No. CJ-2023-3795
vs. )
)
Independent School District No. 52 of )
Oklahoma County, Oklahoma, a/k/a known )
As Mid-Del Public Schools, and )
)Attorney Lien Claimed
Wesley Michael Stiglets, individually, in his )Jury Trial Demanded
former official capacity as Principal of )
Parkview Elementary School, and )
)
)
**Defendants.** )

## PLAINTIFFS' THIRD AMENDED PETITION

**COMES NOW** the Plaintiffs on behalf of their minor daughter, A.H., and for their

causes of action against the Defendant Independent School District No. 52 of Oklahoma

County, Oklahoma, otherwise known as Mid-Del Public Schools ("District"), Wesley

Michael Stiglets, individually and in his former official capacity as Principal of Elementary

School (Principal), and allege and state as follows:

### THE PARTIES

1. The Plaintiffs and their minor daughter, A.H., are residents of Oklahoma

    County, State of Oklahoma, and were at the time of the incidents which

    give rise to the claims for relief set forth herein.

2. Defendant Independent School District No. 52 of Oklahoma County

    a/k/a/ Mid-Del School District ("District") is a school district created

1

Ex. 10

under the laws of the State of Oklahoma to operate public schools in Oklahoma County.

3.     On information and belief, the District is a recipient of Federal funding for public education.

4.     On information and belief, Wesley Michael Stiglets is a resident of Oklahoma County, Oklahoma.

5.     On information and belief, the District has its principal place of business at 7217 S.E. 15th Street, Midwest City, OK 73110.

6.     On information and belief, the District operates Parkview Elementary School ("School") located in Oklahoma County.

## JURISDICTION AND VENUE

7.     The acts complained of herein occurred in Oklahoma County.

8.     The Plaintiffs and, on information and belief, all Defendants are residents of Oklahoma County.

9.     Jurisdiction and venue are therefore proper in this Court.

10.    In compliance with the Oklahoma Governmental Tort Claims Act, on or around October 5, 2022, Plaintiff timely submitted a written notice of tort claim.

11.    The District received this notice on October 11, 2022.

12.    The District failed to respond to the notice and this claim was deemed denied by operation of law on or about January 9, 2023.

13.    This lawsuit was first filed on July 7, 2023.

14.    Plaintiffs have timely filed this action within 180 days of the date the claim was deemed denied.

Ex. 10

15.   Plaintiffs have complied with all requirements under the Governmental Tort Claims Act, 51 O.S. § 151, et seq.

16.   Counsel for the Defendant Mid-Del School District does not object to this second amended Petition.

### FACTS COMMON TO ALL CLAIMS

17.   The District should provide a safe learning environment for its students, but failed to do so.

18.   The District operates Parkview Elementary School located at 5701 Mackleman Drive, Oklahoma City, Oklahoma ("School"). The School serves students from Pre-Kindergarten through Fifth Grade.

19.   At all relevant times, Mr. Stiglets was the Principal of Parkview Elementary School. He retired at the end of the 2022-2023 school year.

20.   Mr. Stiglets worked as Principal at Ridgecrest Elementary prior to Parkview. Ridgecrest is another school within the same District. In approximately 2010, while at Ridgecrest, a teacher observed Stiglets sitting in his office with a little boy sitting on his lap in the dark. The boy did not have a shirt on. Stiglets was also observed kissing a teacher of the school.

21.   The observing teacher reported both incidents to the Superintendent and another school employee at the time.

22.   The teacher also saw Mr. Stiglets kiss girls in the school. The teacher saw Stiglets allow little girls to sit on his lap.

23.   Rather than address the behavior, Mr. Stiglets retaliated against the teacher.

3

24.  On information and belief, this retaliation was, at minimum, tolerated by the Superintendent at that time. Neither the Superintendent nor any other School Administrators acted to deter Mr. Stiglets' sexual abuse or harassment.

25.  Another teacher also observed Mr. Stiglets with young children on his lap. She believed this was inappropriate.  Teachers talked among themselves about Stiglets' inappropriate conduct.

26.  All members of the District, including teachers, are under a mandatory obligation to report suspected child abuse to DHS. But, to Plaintiffs' knowledge, no one reported this inappropriate conduct to DHS.

27.  Plaintiff's minor daughter was enrolled at the School between 2018 and 2021. She attended First, Second and Third grade at the School.

28.  At least three times between 2018 and 2021, Mr. Stiglets groped and fondled A.H.'s buttocks with both of his hands over her clothes while hugging her and forcing her to stay in his grasp.

29.  A.H. began demonstrating behavioral problems, her academic performance declined, and her social skills suffered during this time.

30.  A.H. has experienced flashbacks that interfered with her ability to function.

31.  A.H. has been diagnosed with P.T.S.D., major recurrent depressive disorder and anxiety disorder. She is on prescribed medication for her condition. She has received intensive therapy and medical support.

32.  A.H. disclosed Mr. Stiglets' groping to her parents in December 2021.

33.  On information and belief, Mr. Stiglets groped and fondled at least one other child at the School while A.H. attended.

4

34.    On information and belief, the District has a pattern and practice of tolerating sexual harassment and abuse of students by adults on campus. In the same time frame as Plaintiffs herein, other children were being egregiously sexually abused within the District. See, *Thompson v Henke and Independent School District No. 52 of Oklahoma County*, Western District of Oklahoma, CV-23-411.

### FIRST CAUSE OF ACTION

### Title IX Liability of the District: Mr. Stiglets in His Individual and Official Capacities

For their First Cause of Action, the Plaintiffs adopt and re-allege their allegations above as if fully set forth herein and further alleges and states as follows:

35.    The District, as a public school district providing public education, is a recipient of Federal educational funding.

36.    Title IX of the Education Amendments of 1972 requires that, "No person. . . shall, on the basis of sex, be excluded form participation in, be denied the benefit of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. . . ."

37.    Title IX required the District to provide educational opportunity on an equal basis to A.H., regardless of her gender.

38.    The District, including at least a Superintendent, Mr. Stiglets, a teacher, and one other school employee, was on notice of Mr. Stiglets' inappropriate behavior prior to A.H.'s enrollment at the school.

39.    On information and belief, no corrective action was taken by the District to stop Stiglets' inappropriate behavior.

5

40.    The School District's failure to train and supervise its employees, to observe and report sexual harassment and abuse, to prevent retaliation against reporters of sexual harassment and abuse so that reporting is not discouraged, was so severe and objectively offensive that it deprived Plaintiffs' minor child of educational opportunities and benefits provided by public schooling.

41.    "Deliberate indifference may be shown by a failure to act to halt the misbehavior." *Doe v. Sch. Dist. No. 1*, 970 F.3d 1300 (10th Cir. 2020), citing *Davis*.

42.    The District violated Title IX in that they failed to ensure equal access to educational opportunities to A.H., a minor female student, on an equal basis to the opportunities provided to other students.

43.    The District subjected A.H. to discrimination in her access to educational opportunities based on her gender in that she suffered sexual abuse and harassment as a condition of her continued education at the School.

44.    The District unreasonably failed to take corrective action to prevent the sexual abuse and harassment that they had been on notice of since at least 2010. They thereby acted with deliberate indifference to the rights and safety of A.H.

45.    The School District created and/or subjected A.H. to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) because:

a.  A.H. was a member of a protected class, female;

6

    b. A.H. was subjected to sexual harassment in the form of sexual abuse by a person on campus at Parkview Elementary School; and

    c. A.H. was subjected to harassment based on her sex.

46.    As a direct and proximate result of the District's deliberate indifference, actions and omissions described above, Plaintiffs have suffered damages, more fully described below.

### SECOND CAUSE OF ACTION

**42 U.S.C. § 1983 AGAINST THE DISTRICT**
**Civil Rights Claim – 14ᵗʰ Amendment (Substantive Due Process)**
***Monell* Claims**

For their Second Cause of Action, the Plaintiffs adopt and re-allege all of their allegations above as if fully set forth herein and further allege and state as follows:

47.    The District was a state actor acting under the color of state law.

48.    The District deprived A.H. of her constitutionally protected Fourteenth Amendment interest in bodily integrity and security by subjecting her to sexual abuse and harassment by Mr. Stiglets of whom the District had notice of inappropriate behavior for at least eight years.

49.    The moving forces that resulted in the deprivation of A.H.'s Fourteenth Amendment rights were the following policies, customs, or practices of the District:

    a. A policy, custom, or practice of not providing training to all School and District staff members on how to identify, investigate, report, and prevent sexual harassment;

b. A policy, custom, or practice of not adopting sufficient policies and procedures as to how to identify, investigate, report, and prevent sexual harassment;

c. A policy, custom, or practice of not implementing policies and procedures as to how to identify, investigate, report and prevent sexual harassment;

d. A policy, custom, or practice of not providing training to all District students and parents on the dangers to students of sexual harassment, including how to identify and protect against it;

e. A policy, custom, or practice of not providing training to all School and District staff members on how to identify, investigate, report, and prevent retaliation for the reporting of sexual harassment; and

f. Failing to respond to reports of sexual abuse and harassment in a method that stops the sexual abuse and harassment and the risk it poses to students.

50. The above policies, customs or practices of the District posed a substantial, known risk of causing significant harm to students, including Plaintiff.

51. As a direct result of the above-alleged policies, customs, or practices of the District, A.H. was sexually harassed by a school administrator and suffered severe physical, mental and emotional distress.

52. The actions of the District, as alleged above, were deliberately indifferent to, and in callous disregard of, A.H.'s physical safety and civil rights.

53. Plaintiffs and their daughter suffered damages as more fully set forth below.

54. The Plaintiffs are accordingly entitled to an award of punitive damages against the District in an amount to be determined by a jury.

Ex. 10

### THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983
### Civil Rights Claim – 14ᵗʰ Amendment (Substantive Due Process)
*Supervisory Liability against Principal Stiglets and a Superintendent*
*in their individual and official capacities*

For their Third Cause of Action, the Plaintiffs adopt and re-allege all of their

allegations above as if fully set forth herein and further allege and state as follows:

55.   Mr. Stiglets, in his supervisory capacity as School Principal, had notice that
      he had sexually harassed A.H.

56.   As Principal, Mr. Stiglets was acting under color of state law.

57.   A Superintendent was on notice that Stiglets had engaged in conduct that
      was, at minimum, sexual harassment.

58.   The Superintendent was acting under color of state law.

59.   Plaintiffs' minor's constitutional rights under the Fourteenth Amendment,
      including her right to bodily integrity and equal protection, were violated.

60.   Plaintiff's rights were clearly established at the time of Mr. Stiglets' conduct.
      *See, Gebser v Lago Vista Ind. School Dist.,* 524 U.S. 274 (1998). As school
      administrators, Mr. Stiglets and the Superintendent should have been
      aware of this.

61.   Mr. Stiglets's and the Superintendent's conduct was unreasonable in light
      of this clearly established law.

62.   As a direct result of Mr. Stiglets' actions and inactions discussed above, A.H.
      was exposed to a known grave risk of harm and endured and suffered severe
      physical and emotional distress. Mr. Stiglets's actions and inactions were
      deliberately indifferent to the civil rights of Plaintiffs' minor daughter and

callously disregarded her physical safety. Accordingly, punitive damages should be awarded against Mr. Stiglets in an amount to be determined by a jury.

63. Plaintiffs sustained additional damages, as more fully described below, due to this conduct.

### FOURTH CAUSE OF ACTION

**Negligence (both direct and negligent hiring and supervision) and Negligence Per Se Against All Defendants**
*(GTCA as to District and Mr. Stiglets in his Official Capacity)*

For their Fourth Cause of Action, the Plaintiffs adopt and re-allege all of their allegations above as if fully set forth herein and further allege and state as follows:

64. The District owed Plaintiffs and their minor daughter a duty of ordinary care to ensure the minor's safety while at school

65. The District owed Plaintiffs and their minor daughter a duty to address harassment by staff.

66. Mr. Stiglets is a mandatory reporter who, on information and belief, did **_not_** report the abuse of the minor to Oklahoma's Department of Human Services in accordance with state law.  See, 10A O.S. § 1-2-101 *et seq.*

67. The School District failed in its duties to A.H. by:

   a. Negligently failing to adequately, train, and supervise employees working with children;

   b. Negligently failing to protect A.H. from harm inflicted upon her while at Parkview Elementary School;

   c. Negligently developing and/or implementing, or failing to develop and/or implement, policies and procedures designed to protect its students from inappropriate sexual harassment and abuse; and

10

Ex. 10

d. Negligently supervising Defendant Stiglets.

68.     The District and Mr. Stiglets breached the duties they owed to the Plaintiffs and their minor daughter in multiple ways. Defendants failed to implement reasonable safeguards to:

a. Take action to prevent, or at least detect, investigate and report acts of sexual harassment; and

b. Train and supervise school staff to prevent sexual harassment of students and/or take action once sexual harassment has occurred.

69.     Any or all of Defendants' failures described above were substantial contributing factors for Plaintiffs and their minor daughter's abuse and damages, as set out more fully below.

## FIFTH CAUSE OF ACTION

### VIOLATION OF OKLAHOMA CONSTITUTION
### ARTICLE II §§ 2 AND 7

The previous allegations are incorporated by reference.

70.     The Oklahoma Constitution provides that all persons have the right to life, liberty and the pursuit of happiness, and no person shall be deprived of those rights without due process of law. Similarly, Article II §§ 2 and 7 provide Oklahoma citizens with rights equivalent to the equal protection clause of the Fourth Amendment to the U.S. Constitution.

71.     The repeated sexual harassment and abuse suffered by Plaintiffs' minor child constitute unlawful sexual abuse and harassment in violation of Article II §§ 2 and 7 of the Oklahoma Constitution.

11

72.     The violations of the Oklahoma Constitution described herein proximately caused Plaintiff's injuries, trauma, pain, distress, and damages.

## VI.     DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial on all of their claims and causes of action so triable.

## DAMAGES FOR ALL CLAIMS

The Plaintiffs adopt and re-allege all of their allegations above as if fully set forth herein and further allege and state as follows:

73.     According to the United State Center for Disease Control (CDC), child abuse affects children immediately upon occurrence and into their future.  These effects include improper brain development, impaired cognitive (learning ability) and socio-emotional (social and emotional) skills, lower language development, higher risk for heart, lung and liver diseases, obesity, cancer, high blood pressure, and high cholesterol, anxiety, and higher risks of smoking, alcoholism and drug abuse.  Child abuse can also have a negative effect on the ability to establish and maintain healthy intimate relationships in adulthood.

74.     Plaintiffs' minor daughter has faced difficulties in school due to the harassment she experienced and the School District's actions and inactions in preventing it or remedying it in a reasonable fashion.

75.     Plaintiffs' minor daughter was unable to attend school due to her mental condition caused by the incidents described above.

12

Ex. 10

76.     Plaintiffs' minor daughter has received, is currently receiving and will receive in the future, treatment, including counseling, inpatient psychiatric services, and other supportive services.

77.     The acts giving rise to this lawsuit directly caused Plaintiffs' minor daughter to suffer a variety of injuries including shock, humiliation, emotional distress and related physical manifestations thereof, embarrassment, loss of self-esteem, disgrace, and loss of enjoyment of life.

78.     Plaintiffs themselves suffered frustration, embarrassment, and other mental and emotional consequences from the action and inaction described herein and their efforts to provide a safe education for their daughter were hampered.

79.     As a direct result of the actions and inactions described herein, Plaintiffs have incurred economic and non-economic damages and are entitled to compensatory damages in an amount to be determined by a jury.

80.     Plaintiffs request damages against Defendants for all damages allowed by applicable state and federal law, including attorney's fees and costs and any other relief within the Court's jurisdiction appropriate to the proof, whether or not demanded.

81.     Where legally allowed, Plaintiffs also makes demand for exemplary damages for the reckless and outrageous conduct described herein.

82.     Pursuant to the general rules of pleading, 12 O.S. § 2008, Plaintiffs assert that the amount sought as damages for claims set forth herein is in excess of seventy-five thousand dollars ($75,000).

**JURY DEMAND**

Ex. 10

The Plaintiffs demand a trial by jury on all issues so triable by law.

Respectfully submitted,

**KOLLER TRIAL LAW, PLLC**

A.  Laurie Koller, OBA #16857
Ashley H. Leavitt, OBA #32818
2504 E. 21st Street, Suite B
Tulsa, OK  74114
laurie@kollertriallaw.com
ashley@kollertriallaw.com
(918) 216-9596
(918) 248-8238 Fax

14

Ex. 10